UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.                                         No. 2:24-cr-20012

RODNEY DEWAYNE SHEFFIELD                                                                       DEFENDANT

## OPINION AND ORDER

Before the Court is the United States' notice of appeal[1] (Doc. 15) of the Magistrate Judge's Conditions of Release Order, and Defendant Rodney Sheffield's motion (Doc. 22) to dismiss the United States' appeal.  For the reasons set forth below, the Court will refer this matter to the Magistrate Judge with instructions to reopen Mr. Sheffield's detention hearing, and the United States' appeal and Mr. Sheffield's motion will be FOUND MOOT.

The United States charged Mr. Sheffield in a three-count indictment.  (Doc. 16).  Mr. Sheffield is charged with (1) influencing, impeding, or retaliating against a Federal Official, (2) receipt of child pornography, and (3) possession of child pornography.  *Id.*  Relevant here, the receipt charge is under 18 U.S.C. § 2252A(a)(2) and (b)(1) while the possession charge is under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  *Id.*  Before indicting Mr. Sheffield, however, the United States filed a criminal complaint against Mr. Sheffield (Doc. 1).  That complaint did not contain the receipt of child pornography charge.  *Id.*

Mr. Sheffield received a detention hearing related to the complaint before United States Chief Magistrate Judge Mark E. Ford (Doc. 21).  During the detention hearing, Judge Ford noted that neither of the charged offenses fell under 18 U.S.C. § 3142(e)(3), a provision which creates a

---

[1] The Government styles its request as an appeal under 18 U.S.C. § 3145.  However, technically the Government's request is "a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).

rebuttable presumption that detention is appropriate. (Doc. 21, pp. 96–97). Judge Ford then ordered that Mr. Sheffield be released pending trial with special conditions. (Doc. 12). Judge Ford also granted the United States' request for a stay of that order so that it could bring this challenge to the release order. *Id.*

After the detention hearing, Mr. Sheffield was indicted, which included the additional receipt of child pornography charge. This is relevant because the receipt charge, under section 2252(a)(2), raises the rebuttable presumption that a defendant should be detained before trial. 18 U.S.C. § 3142(e)(3)(E). At the detention hearing, Mr. Sheffield was not afforded the opportunity to address the rebuttable presumption because, at that time, the charges did not raise that presumption.

A detention hearing may be reopened at any time before trial if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the [detention] issue. . . ." 18 U.S.C. § 3142(f). The new receipt charge was not known at the time of the hearing. And the new charge raises the rebuttable presumption, which was not addressed at the hearing but materially changes the standard on the detention issue. Therefore, Judge Ford is directed to reopen the detention hearing to allow the parties to present evidence and argument about this issue. This course of action also moots United States' appeal and Mr. Sheffield's motion.

IT IS THEREFORE ORDERED that the United States' notice of appeal (Doc. 15) of Magistrate Judge Conditions of Release Order and Defendant Rodney Sheffield's motion (Doc. 22) to dismiss the United States' appeal are FOUND MOOT.

IT IS FURTHER ORDERED that this detention issue is referred to Judge Ford with directions to reopen the detention hearing to address the new charge and rebuttable presumption.

2

IT IS FURTHER ORDERED that the United States Probation Office shall file an amended pretrial report addressing the new charges before the next detention hearing occurs.

IT IS SO ORDERED this 18th day of June, 2024.

/s/P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE